1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT
8            EASTERN DISTRICT OF CALIFORNIA
9
10
MARK JAMES TAYLOR,              ) 1:09-cv—01876-OWW-SKO-HC
11                              )
              Petitioner,       ) FINDINGS AND RECOMMENDATION TO
12                              ) DISMISS STATE LAW CLAIMS AND TO
                                ) REQUIRE A RESPONSE WITH RESPECT
13       v.                     ) TO PETITIONER'S DUE PROCESS CLAIM
                                ) (DOC. 1)
14  JAMES A. YATES,             )
                                ) OBJECTIONS DEADLINE:
15           Respondent.        ) THIRTY (30) DAYS
                                )
16  _____)

17
18        Petitioner is a state prisoner proceeding pro se and in
19  forma pauperis with a petition for writ of habeas corpus pursuant
20  to 28 U.S.C. § 2254.  The matter has been referred to the
    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local
21  Rules 302 and 304.  Pending before the Court is the petition,
22  which was filed on October 26, 2009.
23        I. Screening the Petition
24        Rule 4 of the Rules Governing § 2254 Cases in the United
25  States District Courts (Habeas Rules) requires the Court to make
26  a preliminary review of each petition for writ of habeas corpus.
27  The Court must summarily dismiss a petition "[i]f it plainly
28

                              1

1   appears from the petition and any attached exhibits that the

2   petitioner is not entitled to relief in the district court...."

3   Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

4   1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

5   1990).  Habeas Rule 2(c) requires that a petition 1) specify all

6   grounds of relief available to the Petitioner; 2) state the facts

7   supporting each ground; and 3) state the relief requested.

8   Notice pleading is not sufficient; rather, the petition must

9   state facts that point to a real possibility of constitutional

10  error.  Rule 4, Advisory Committee Notes, 1976 adoption;

11  O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.

12  Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition

13  that are vague, conclusory, or palpably incredible are subject to

14  summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th

15  Cir. 1990).

16      Further, the Court may dismiss a petition for writ of habeas

17  corpus either on its own motion under Habeas Rule 4, pursuant to

18  the respondent's motion to dismiss, or after an answer to the

19  petition has been filed.  Advisory Committee Notes to Habeas Rule

20  8, 1976 adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

21  (9th Cir. 2001).

22      II.  The Petition

23      Petitioner, an inmate of Pleasant Valley State Prison,

24  challenges a disciplinary finding made in March 2008 that

25  Petitioner failed to comply with count procedures in violation of

26  Cal. Code Regs. tit. 15, § 3017, which provides, "Inmates must be

27  present at designated times and places for counts, and must

28  present themselves for count in the manner set forth in

1  institution procedures." (Pet. 7, 37, 19.)  Petitioner forfeited

2  thirty (30) days of credit for the offense.  Petitioner alleges

3  1) he is innocent of the violation because of insufficient

4  evidence of the prohibited conduct and of wilfulness; 2) the

5  offense of failure to comply with count procedures was not an

6  offense, was not a lesser included offense of the originally

7  charged violation of delaying a peace officer while performing

8  his duties, and was not a serious rules violation; 3) Cal. Code.

9  Regs. tit. 15, § 3017 grants excessive discretion and results in

10  false charges of violations and wrongful convictions; and 4)

11  Petitioner thereby suffered a violation of due process guaranteed

12  under both the state constitution and the Fourteenth Amendment of

13  the United States Constitution.  (Pet. 7-16.)

14      III.  <u>Claims Involving Only State Law</u>

15          A.  <u>Legal Standards</u>

16      Federal habeas relief is available to state prisoners only

17  to correct violations of the United States Constitution, federal

18  laws, or treaties of the United States.  28 U.S.C. § 2254(a).

19  Federal habeas relief is not available to retry a state issue

20  that does not rise to the level of a federal constitutional

21  violation.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).

22  Alleged errors in the application of state law are not cognizable

23  in federal habeas corpus.  <u>Souch v. Schiavo</u>, 289 F.3d 616 (9th

24  Cir. 2002) (a claim challenging state court's discretionary

25  decision concerning application of state sentencing law presented

26  only state law issues and was not cognizable in a proceeding

27  pursuant to 28 U.S.C. § 2254); <u>Langford v. Day</u>, 110 F.3d 1380,

28  1389 (9th Cir. 1996).  The Court accepts a state court's

interpretation of state law.  <u>Langford v. Day</u>, 110 F.3d 1380,

1389 (9th Cir. 1996).  In a habeas corpus proceeding, this Court

is bound by the California Supreme Court's interpretation of

California law unless it is determined that the interpretation is

untenable or a veiled attempt to avoid review of federal

questions.  <u>Murtishaw v. Woodford</u>, 255 F.3d 926, 964 (9th Cir.

2001).

B.   <u>Analysis of Petitioner's Claims</u>

Issues two through three raised by Petitioner involve the

interpretation and application of the state statutory and

regulatory law that created and calibrated the disciplinary rules

violations.  To the extent that Petitioner in claim four alleges

a violation of due process based upon the state constitution, the

issue is purely one of state law.  These claims are not

cognizable in a proceeding pursuant to § 2254.  Therefore, they

must be dismissed.

However, claims one and four, when liberally read, allege a

cognizable claim of a violation of due process of law because of

the absence of some evidence to support a finding of a violation

of the pertinent disciplinary rules.  Thus, these claims are

cognizable in a § 2254 proceeding.

IV.  <u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1) Petitioner's claims concerning the interpretation of the

offense of failure to comply with count procedures, its status as

a serious rules violation or as a lesser included offense of the

originally charged violation, the extent of discretion entrusted

in prison officials under Cal. Code. Regs. tit. 15, § 3017, and

any violation of due process of law premised solely on the state constitution be DIMISSED because they are not cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

2) Insofar as Petitioner claims a violation of due process of law because of the absence of some evidence to support a finding of a violation of the pertinent disciplinary rules, the Respondent should be ordered to file a response to the petition.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 13, 2010               /s/ Sheila K. Oberto**
                                  UNITED STATES MAGISTRATE JUDGE