UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JAMES TAYLOR,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES A. YATES,<br><br>    Respondent. | 1:09-cv-01876-OWW-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM (DOCS. 14, 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO SEND PETITIONER A CIVIL RIGHTS COMPLAINT FORM |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the Respondent's motion to dismiss the petition filed on November 9, 2010.

I.  Background

Petitioner, an inmate of Pleasant Valley State Prison, challenges a disciplinary finding made in March 2008 that Petitioner failed to comply with count procedures in violation of

1

Cal. Code Regs. tit. 15, § 3017, which provides, "Inmates must be present at designated times and places for counts, and must present themselves for count in the manner set forth in institution procedures." (Pet. 7, 37, 19.)

In the petition filed on October 26, 2009, Petitioner initially alleged 1) he was innocent of the violation because of insufficient evidence of the prohibited conduct and of wilfulness; 2) the offense of failure to comply with count procedures was not an offense, was not a lesser included offense of the originally charged violation of delaying a peace officer while performing his duties, and was not a serious rules violation; 3) Cal. Code. Regs. tit. 15, § 3017 granted excessive discretion to prison authorities and resulted in false charges of violations and wrongful convictions; and 4) the disciplinary finding violated Petitioner's right to due process guaranteed under the Fourteenth Amendment of the United States Constitution. (Pet. 7-16.) Petitioner seeks the reversal of the guilty finding and expungement of references to it in Petitioner's central file, modification of the state regulation, and restoration of thirty (30) days of lost credit. (Pet. 14.)

By this Court's order filed on September 2, 2010, Petitioner's claims concerning the interpretation of the offense of failure to comply with count procedures, its status as a serious rules violation or as a lesser included offense of the originally charged violation, the extent of discretion entrusted to prison officials under Cal. Code. Regs. tit. 15, § 3017, and any violation of due process of law premised solely on the state constitution were dismissed because they were state law claims

2

not cognizable in a proceeding pursuant to 28 U.S.C. § 2254. Insofar as Petitioner claimed a violation of federal due process of law because of the absence of some evidence to support a finding of a violation of the pertinent disciplinary rules, the Respondent was ordered to file a response to the petition. Respondent filed the motion to dismiss on November 9, 2010. On November 24, 2010, Petitioner filed opposition to the motion to dismiss. No reply was filed.

II. Jurisdiction

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam). Petitioner alleges that he suffered a constitutional violation as a result of the challenged disciplinary proceedings.

Further, the decision challenged arises out of conduct of prison officials at a prison located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(a), (d).

Accordingly, this Court has jurisdiction over this action.
///

        III.   The Propriety of a Motion to Dismiss

        In the motion to dismiss the petition, Respondent argues that Petitioner has failed to state a case or controversy cognizable pursuant to 28 U.S.C. § 2254.  Respondent argues that Petitioner has failed to establish a basis for habeas relief because Petitioner's allegations do not concern the fact or duration of his confinement.

        The filing of a motion to dismiss instead of an answer was authorized by the Court's order of September 8, 2010, which referred to the possibility of Respondent's filing a motion to dismiss and set forth a briefing schedule for any such motion. (Doc. 10, 3.)  It is established that the filing of a motion to dismiss is authorized by Rule 4 of the Rules Governing Section 2254 Cases in the District Courts.  Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments.

        Here, the reason for the motion filed by Respondent was an absence of a basis for granting federal habeas because the Petitioner's complaint did not affect the legality or duration of his confinement.  This Court has limited jurisdiction and is mindful of its continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)); Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).

        Habeas Rule 7 permits the Court to direct the parties to expand the record by submitting additional materials relating to the petition and to authenticate such materials, which may

4

include letters predating the filing of the petition, documents, exhibits, affidavits, and answers under oath to written interrogatories propounded by the judge. Habeas Rule 7(a), (b).

If, upon expansion of the record, the Court perceives that a defect not apparent on the face of the petition may preclude a hearing on the merits, the Court may authorize a motion to dismiss. Hillery v. Pulley, 533 F.Supp. 1189, 1196 (E.D.Cal. 1982). In Blackledge v. Allison, 431 U.S. 63, 80-81 (1977), the United States Supreme Court suggested that the summary judgment procedure should be used to test whether facially adequate allegations have sufficient basis in fact to warrant plenary presentation of evidence. The Court noted that expansion of the record in a given case could demonstrate that an evidentiary hearing is unnecessary, and specifically advised that there might be cases in which expansion of the record would provide evidence of a petitioner's contentions so overwhelming as to justify a conclusion that an allegation of fact does not raise a substantial issue of fact. Id. at 81. In such circumstances, the petitioner is entitled to "careful consideration and plenary processing of (his claim,) including full opportunity for presentation of the relevant facts." Id. at 82-83.

Summary judgment standards were likewise applied in Hillery v. Pulley, 533 F.Supp. 1189, 1197 (E.D.Cal. 1982), where the court stated:

> The standards under rule 56 are well known. (Footnote omitted.) To paraphrase them for purposes of habeas proceedings, it may be said that a motion to dismiss a petition for habeas corpus made after expansion of the record may only be granted when the matters on file reveal that there is no genuine issue of material fact "which if resolved in accordance with the

5

>     petitioner's contentions would entitle him to relief...
>     (citation omitted).  Only if it appears from
>     undisputed facts... that as a matter of law petitioner
>     is entitled to discharge, or that as a matter of law
>     he is not, may an evidentiary hearing be avoided.
>     (Citation omitted.)

533 F.Supp. 1197.

Summary judgment is proper only where the moving party establishes that there are no genuine issues as to any material facts, or where in viewing the evidence and the reasonable inferences which may be drawn therefrom in the light most favorable to the opposing party, the movant is entitled to prevail as a matter of law.  Hillery v. Pulley, 533 F.Supp. 1189, 1197 n. 15 (E.D.Cal. 1982) (citing Jones v. Halekulani Hotel Inc., 557 F.2d 1308, 1310 (9th Cir. 1977) and Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-59 (1970)).

The present case is one in which expansion of the record to include facts concerning the consequences of the challenged disciplinary finding may permit summary disposition of the petition without a full evidentiary hearing.  Accordingly, pursuant to Habeas Rule 4, the Court will review the facts alleged in the petition and as reflected in the evidentiary materials submitted by the parties in connection with the motion to dismiss.

IV. Habeas Corpus Jurisdiction

A. Legal Standards

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28

6

U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

Further, a district court has subject matter jurisdiction to entertain a petition for a writ of habeas corpus only if the petitioner is "in custody" within the meaning of the habeas corpus statute at the time the petition is filed. 28 U.S.C. §§ 2241(c)(3), 2254(a). "Custody" is not limited to actual physical incarceration; a petitioner is in "custody" if he is subject to restraints not shared by the public generally. Jones v. Cunningham, 371 U.S. 236, 243 (1963). A petitioner must be in custody with respect to the conviction he attacks. Once a sentence is fully served, even if the conviction may affect the length or conditions of a sentence to be imposed in the future, the prisoner is not "in custody" within the meaning of 28 U.S.C. §§ 2241(c) or 2254(a). See Maleng v. Cook, 490 U.S. 488, 490-492 (1989).

Claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, are within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498-99, 499 n.14 (1973). In contrast, an action pursuant to 42 U.S.C. § 1983 is appropriate for a state prisoner challenging the conditions of prison life but not the fact or length of the custody. Preiser v. Rodriguez, 411 U.S. at 499; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

Habeas corpus has been mentioned as a potential alternative remedy to an action under § 1983 for unspecified additional and

7

unconstitutional restraints during lawful custody. <u>Preiser v. Rodriguez</u>, 411 U.S. at 499-500.  The cases cited by the Court in <u>Preiser</u> in support of the proposition that habeas jurisdiction covers challenges to prison conditions are factually distinct from the present case.  They involved state interference with prison conditions that in turn burdened or precluded prisoners' ability to pursue the federal habeas corpus remedy. <u>Johnson v. Avery</u>, 393 U.S. 483 (1969) (a motion for law books and a typewriter was treated as a petition for habeas relief, and, in the absence of an alternative form of assistance to prisoners, the Court held invalid a state prison regulation that barred inmates from assisting other prisoners in preparing petitions for post-conviction relief); <u>Ex Parte Hull</u>, 312 U.S. 546, 549 (1941) (a prison's regulation of the contents of a petition for habeas relief was held invalid because it was inconsistent with the federal courts' exclusive authority to determine the sufficiency of a petition).  In <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1973), the Court treated what purported to be a habeas petition concerning conditions of confinement, including disciplinary measures, as a civil rights complaint and failed to require exhaustion beyond having exhausted state habeas remedies.

     The Court notes that the appropriate extent of any overlap between habeas corpus and § 1983 has not been clarified by subsequent decisions of the United States Supreme Court.  However, the Court has noted that the concern for maintaining the habeas remedy has been focused on cases where prisoners seek to invalidate the duration of their confinement "either *directly* through an injunction compelling speeder release or *indirectly*

8

through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  A simple declaration that disciplinary procedures are invalid may be obtained via a suit pursuant to § 1983.  Id. at 79-80.  Where prisoners attack only the wrong procedures, and not the wrong result of a denial of good time credits, then victory does not necessarily mean speedier or immediate release.  Wilkinson v. Dotson, 544 U.S. 74, 80.  Thus, § 1983 remains available for procedural challenges where success would not necessarily spell immediate or speedier release.  Id. at 81-82.

This circuit has held that the availability of habeas relief with respect to a challenge to conditions of confinement depends on the likelihood of the effect of a successful challenge on the overall length of the prisoner's sentence.  Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003).  In Ramirez v. Galaza, the court considered whether the favorable termination rule of Heck v. Humphrey and Edwards v. Balisok[1] should apply to a state prisoner's § 1983 claim that prison disciplinary hearing procedures that resulted in the prisoner's placement in administrative segregation violated his constitutional rights.

---

[1] The first reference is to Heck v. Humphrey, 512 U.S. 477 (1994), in which the Court held that for a prisoner to maintain a § 1983 claim for damages (but not injunctive relief or release from custody) for an allegedly unconstitutional conviction or sentence or for an action that would render a conviction or sentence invalid, a prisoner must prove that the conviction or sentence has been reversed or invalidated by a state tribunal or has warranted issuance of a federal writ of habeas corpus.  The second reference is to Edwards v. Balisok, 520 U.S. 641 (1997), in which the Heck "favorable termination" rule was extended to a prisoner's claim for damages and injunctive relief for prison disciplinary hearing procedures that resulted in a loss of good-time credits because the alleged defects, if established, necessarily implied the invalidity of the deprivation of the credits.

9

334 F.3d at 852. The court determined that the prisoner could proceed under § 1983 without proving favorable termination because the prisoner's claim, if successful, would not necessarily invalidate a disciplinary action that affected the fact or length of his confinement. Id. The court reviewed the significance of Preiser v. Rodriguez:

> The Supreme Court first addressed the intersection between § 1983 and writs of habeas corpus in Preiser v. Rodriguez, holding that "when a state prisoner is challenging the very fact or duration of his physical confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment," the prisoner's "sole federal remedy is a writ of habeas corpus." 411 U.S. at 500, 93 S.Ct. 1827. Conversely, Preiser concluded that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Id. at 499, 93 S.Ct. 1827.

Ramirez v. Galaza, 334 F.3d at 855. The court noted that the distinction applied whether the term of incarceration resulted from a conviction or sentence imposed by a state court, or a disciplinary sanction imposed in a state prison. Id. at 856. The court reviewed its prior decisions concerning the availability of habeas corpus to challenge conditions of confinement:

> Our holding also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment. We have held that a prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir.1982)). Bostic does not hold that habeas corpus jurisdiction is always available to seek the expungement of a prison disciplinary record. Instead, a writ of habeas corpus is proper only where expungement is "likely to accelerate the prisoner's eligibility for

10

> parole." Bostic, 884 F.2d at 1269 (emphasis added). In Bostic, we cited the Seventh Circuit's decision in McCollum which presumed that where a disciplinary infraction might delay a prisoner's release on parole, the prisoner may, "by analogy to Preiser," challenge the disciplinary sentence through habeas corpus. McCollum, 695 F.2d at 1047. Bostic thus holds that the likelihood of the effect on the overall length of the prisoner's sentence from a successful § 1983 action determines the availability of habeas corpus. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (finding "no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement") (emphasis added).

Ramirez v. Galaza, 334 F.3d at 858.

### B. Analysis

Allegations in the petition and attached documentation reflect that Petitioner claimed that he lost thirty days of credits. (Pet. 14, 37.) However, Respondent submitted with the motion to dismiss a copy of a rules violation report and chronological history reflecting that the thirty days of credit were restored. (Mot., Ex. 1 [doc. 14-1], 2; Ex. 2 [doc. 14-1], 6.)

In the opposition to the motion, Petitioner does not dispute that the credits were restored. However, he states under penalty of perjury that he is serving a life sentence, and both good institutional behavior and serious misconduct are factors relevant to a determination of whether Petitioner is suitable for parole. (Opp., doc. 15, 2.) Petitioner states generally that the finding "will be used as a reason to deny parole for three to fifteen years," and its effect will be "enormous." (Opp., 2-3.) However, Petitioner provides no additional or specific facts in support of this assertion.

11

1    The Court will consider in the context of Petitioner's
2 overall sentence the nature and sufficiency of any nexus between
3 the disciplinary finding and the length of Petitioner's
4 imprisonment, and the Court will assess the likelihood that
5 expungement of the finding would accelerate Petitioner's release.
6    First, it has not been shown that expungement of the
7 challenged disciplinary findings would be likely to accelerate
8 Petitioner's eligibility for parole. Petitioner has not alleged
9 any facts concerning the likelihood of his being released on
10 parole or the relationship between the disciplinary finding and
11 the likelihood of release on parole. It is probable that there
12 are multiple other factors bearing upon Petitioner' suitability
13 for parole. This is not a situation analogous to that present in
14 Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004), where
15 prisoners' claims solely for equitable relief concerning the
16 constitutional propriety of less frequent parole reviews were
17 held to be cognizable pursuant to § 2254 because if successful,
18 the claims "could potentially affect the duration of their
19 confinement." In contrast, the instant case does not involve
20 parole or eligibility for parole.
21    Further, because the time credit forfeited by Petitioner has
22 been restored, Petitioner's claim concerning the invalidity of
23 the disciplinary procedures does not directly or necessarily
24 affect the fact or duration of his custody. Petitioner's claim
25 is analogous to that in Ramirez v. Galaza because once the
26 forfeited credit was restored, Petitioner's claim no longer
27 necessarily affected the duration of his confinement or bore the
28 same relationship to his release.

12

In summary, in the present case there is an absence of any special circumstances requiring the availability of the habeas remedy to preserve Petitioner's access to habeas relief. Further, there is no factual basis for connecting release on, or eligibility for, parole with the findings concerning Petitioner's disciplinary misconduct. There is an insufficient likelihood of the findings having any other effect on the fact or duration of confinement to bring the present petition within the scope of habeas corpus. The Court concludes that Petitioner's claim has not been shown to have a sufficient nexus to the length of imprisonment so as to implicate the "core" challenges identified by the Court in Preiser v. Rodriquez, 411 U.S. 475.

Accordingly, the Court concludes that in the present case, the nexus between the claim and the length of imprisonment is insufficient to confer habeas jurisdiction on this Court. It will be recommended that the petition be dismissed for failure to state a claim cognizable in a petition pursuant to 28 U.S.C. § 2254.

### V.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether

the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appeal ability.

///

///

14

VI. <u>Recommendation</u>

In accordance with the foregoing analysis, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition for failure to state a claim cognizable in habeas corpus be GRANTED; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to forward to Petitioner a blank form complaint for civil rights claims brought pursuant to 42 U.S.C. § 1983; and

4) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to

///
///
///

appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     February 3, 2011**                              /s/ Sheila K. Oberto
                                                                                    UNITED STATES MAGISTRATE JUDGE